■ Helaine Teuschler, Appellant, v William Teuschler, Respondent. [660 NYS2d 744] —In a matrimonial action in which the parties were divorced by judgment dated March 29, 1989, the plaintiff mother appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated March 20, 1996, which denied her motion (1) for sole custody of the parties' only child, (2) for child support, (3) to compel the defendant father to maintain certain insurance policies for the child's benefit, and (4) for counsel fees.

Ordered that the order is affirmed, without costs or disbursements.

The parties were married in September 1981 and their daughter, Lindsay, was born in August 1982. In February 1989, the parties entered into a separation agreement, which was incorporated but not merged into the judgment of divorce dated

March 29, 1989. Pursuant to the separation agreement, the parties agreed to jointly share in the custody and support of their daughter. That arrangement worked well until 1995, when, for various reasons, the father and his teenage daughter became estranged. One year later, Lindsay's mother moved for sole custody, child support, and other relief. The Supreme Court denied her motion in its entirety and we affirm.

Contrary to the mother's contention, the trial court did not improperly deny her motion for sole custody without conducting a hearing. A parent who seeks a change in custody is not automatically entitled to a hearing but must make some evidentiary showing sufficient to warrant a hearing (see, e.g., Matter of Miller v Lee, 225 AD2d 778; Matter of Ann C. v Debra S., 221 AD2d 338; David W. v Julia W., 158 AD2d 1). The Supreme Court did not improvidently exercise its discretion in failing to hold a hearing.

In determining whether a custody agreement should be modified, the paramount issue before the court is whether the totality of the circumstances warrants a modification in the best interests of the child (see, Kuncman v Kuncman, 188 AD2d 517; Klat v Klat, 176 AD2d 922). Although a child's preference may be indicative of what is in the child's best interests, it is not determinative (see, Dintruff v McGreevy, 34 NY2d 887). Where the parents have had joint custody for eight years, a change in that arrangement is not warranted merely because their daughter, upon becoming a teenager, has expressed a desire not to visit her father. Although there are some disagreements between the parents, particularly on the issue of discipline, their relationship is not so severely antagonistic as to make the continuation of joint custody improper (see, e.g., Matter of Haran-Buckner v Buckner, 188 AD2d 705; Matter of Monahan v Monahan, 178 AD2d 829; Abrams v Abrams, 159 AD2d 450).

Absent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of the parties' separation agreement, which was incorporated into the divorce decree, should not be disturbed (see, Matter of Boden v Boden, 42 NY2d 210).

We have considered the mother's remaining contentions and find them to be without merit. Joy, J. P., Goldstein, Florio and McGinity, JJ., concur.