■ In the Matter of TOBIE R. SAREN, Appellant, v VINCENT F. PALMA, Respondent. [693 NYS2d 207] —In a child custody proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated January 9, 1998, which denied her motion to set aside a prior custody determination of the same court, dated August 15, 1997, and for a new trial on the matter.

Ordered that on the Court's own motion, the notice of appeal

from the order dated January 9, 1998, is treated as an application for leave to appeal, and leave to appeal from the order is granted (*see,* Family Ct Act § 1112 [a]; CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

We find unpersuasive the petitioner's contention that the Family Court erred in denying her motion for a new custody trial on the ground of ineffective assistance of counsel. It is well settled that in the context of civil litigation, an attorney's errors or omissions are binding on the client and, absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained (*see, Olmstead v Federated Dept. Stores,* 208 AD2d 979; *Department of Social Servs. v Trustum C. D.,* 97 AD2d 831). The petitioner failed to establish the existence of extraordinary circumstances in this case. Mangano, P. J., O'Brien, Sullivan and Goldstein, JJ., concur.