■ THERESA DIVITTORIO, Respondent, v JOSEPH DIVITTORIO, Appellant. (Action No. 1.) JOSEPH DIVITTORIO, Appellant, v THERESA DIVITTORIO, Respondent. (Action No. 2.) [723 NYS2d 863] —In a matrimonial action in which the parties were divorced by judgment dated November 16, 1998 (Action No. 1), and a related action, *inter alia,* to set aside the custody provision of a stipulation of settlement, dated May 18, 1998, which was incorporated but not merged into the judgment of divorce (Action No. 2), the father appeals (1) from an order of the Supreme Court, Suffolk County (Lifson, J.), dated January 26, 2000, entered in Action No. 1, which, *inter alia,* denied his motion to modify the stipulation of settlement regarding custody of the parties' child and granted, without a hearing, the mother's cross motion for an award of an attorney's fee in the sum of $1,850, and (2), as limited by his brief, from so much of an order of the same court, dated May 16, 2000, entered in both actions, as (a) granted the mother's motion to dismiss the complaint in Action No. 2, (b) upon, in effect, granting reargument, adhered to the prior determination in the order dated January 26, 2000, entered in Action No. 1, awarding the mother an attorney's fee, and (c) granted the mother's cross motion in Action No. 1 for an additional attorney's fee in the sum of $1,600.

Ordered that the appeal from so much of the order dated January 26, 2000, as granted the mother's cross motion for an award of an attorney's fee is dismissed, as that portion of the order was superseded by so much of the order dated May 16, 2000, as was made upon reargument; and it is further,

Ordered that the order dated January 26, 2000, is affirmed insofar as reviewed, and it is further,

Ordered that the order dated May 16, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the mother is awarded two bills of costs.

Contrary to the father's contention, the Supreme Court did not err in denying his motion to change custody of the parties' child without conducting a hearing. A parent who seeks a change of custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a

hearing (*see, Matter of Coutsoukis v Samora,* 265 AD2d 482; *Teuschler v Teuschler,* 242 AD2d 289, 290; *Matter of Miller v Lee,* 225 AD2d 778, 779; *Matter of Ann C. v Debra S.,* 221 AD2d 338). Here, the Supreme Court providently exercised its discretion in finding that the father failed to meet his threshold burden of proffering sufficient evidence to warrant a hearing to determine whether, under the totality of the circumstances, a change of custody would be in the best interests of the child (*see, Hom v Hom,* 270 AD2d 391, 392; *Matter of Fairbanks v Diehl,* 268 AD2d 867; *Matter of Rosenberg v Rosenberg,* 261 AD2d 623; *Teuschler v Teuschler,* 242 AD2d 289).

The Supreme Court also properly dismissed Action No. 2, which sought, *inter alia,* to set aside the parties' stipulation of settlement relating to custody on the ground that it was a product of fraud by the mother. Taking all of the allegations of the complaint to be true and granting the father every favorable inference arising therefrom, the complaint fails to state a cause of action (*see, Kammerer v Kammerer,* 278 AD2d 282; *Wilson v Neppell,* 253 AD2d 493; *Szpicek v Szpicek,* 222 AD2d 575).

Finally, under the circumstances, the court did not err in awarding the mother an attorney's fee without conducting a hearing. In general, unless the parties have agreed otherwise, an application for an attorney's fee, when challenged, should be determined after a hearing (*see, Matter of Lenczycki v Alexander,* 209 AD2d 480; *Silverman v Silverman,* 193 AD2d 595; *Weinberg v Weinberg,* 95 AD2d 828; *Sadofsky v Sadofsky,* 78 AD2d 520). To the extent that the father was entitled to a hearing as to the value and extent of the legal services rendered, the father waived such a hearing by failing either to challenge the amounts demanded or to request a hearing (*see, Adinolfi v Adinolfi,* 168 AD2d 401; *Gross v Gross,* 160 AD2d 976; *Rosenberg v Rosenberg,* 155 AD2d 428; *Lynch v Lynch,* 97 AD2d 814).

The father's remaining contentions are either academic or without merit. Ritter, J. P., Krausman, S. Miller and Feuerstein, JJ., concur.