■ In the Matter of KNUT EIRICH, Respondent, v DIANE COSTELLO, Appellant. [766 NYS2d 112] —In a proceeding to obtain equitable distribution of marital assets following a foreign judgment of divorce, Diane Costello appeals from a judgment of the Supreme Court, Suffolk County (McNulty, J.), entered October 18, 2002, which, after a nonjury trial, inter alia, equitably distributed the marital assets.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court did not err in failing to, sua sponte, appoint a guardian ad litem for her at the commencement of the proceeding. There was no evidence before the court prior to the day of trial, when the appellant's attorney formally sought the appointment of a guardian ad litem, to show that she was incapable of adequately prosecuting or defending her rights (*see* CPLR 1201; *Brown v Rochester Gen. Hosp.,* 292 AD2d 855 [2002]). Nor was it incumbent upon the petitioner to move for the appointment of a guardian ad litem for the appellant, who appeared in the proceeding and was represented at all stages by an attorney (*cf. State of New York v Kama,* 267 AD2d 225 [1999]; *Sarfaty v Sarfaty,* 83 AD2d 748 [1981]). At the outset of the trial, the court granted the appellant's application and appointed her sister as guardian ad litem, as requested. There is no merit to the appellant's contention that a more experienced guardian ad litem should have been appointed (*see Bolsinger v Bolsinger,* 144 AD2d 320 [1988]).

The appellant's contention that the judgment should be reversed because she did not receive effective assistance of counsel is without merit. In the context of civil litigation, an attorney's errors or omissions are binding on the client and, absent extraordinary circumstances, not present here, a claim of ineffective assistance of counsel will not be entertained (*see Matter of Saren v Palma,* 263 AD2d 544 [1999]; *Department of Social Servs. [Beatrice V.P.] v Trustum C.D.,* 97 AD2d 831 [1983]). Altman, J.P., Goldstein, Adams and Mastro, JJ., concur.