■ THOMAS McNALLY, Respondent, v ALESSANDRA McNALLY, Appellant. [816 NYS2d 98]—

In a matrimonial action in which the parties were divorced by a judgment dated June 2, 2005, the mother appeals from an order of the Supreme Court, Queens County (Morgenstern, J.), dated October 31, 2005, which denied, without a hearing, her motion, inter alia, to change residential custody of the parties' son from the father to her.

Ordered that the order is affirmed, with costs.

On February 10, 2005 the parties entered into a stipulation of settlement in the father's action for a divorce, giving the parties joint custody of their son, with the father having residential custody. The stipulation of settlement was incorporated but not merged into the judgment of divorce dated June 2, 2005. On June 22, 2005 the mother moved, inter alia, to change residential custody of the parties' son from the father to her. The Supreme Court denied her motion without conducting a hearing. We affirm.

A noncustodial parent seeking a change of custody is not automatically entitled to a hearing but must make some evidentiary showing sufficient to warrant a hearing (*see Matter of Simmons v Budney,* 5 AD3d 389, 390 [2004]; *Smoczkiewicz v Smoczkiewicz,* 2 AD3d 705, 706 [2003]; *Corigliano v Corigliano,* 297 AD2d 328, 329 [2002]; *DiVittorio v DiVittorio,* 283 AD2d 390, 390-391 [2001]; *Itchkow v Itchkow,* 275 AD2d 442 [2000]; *Matter of Coutsoukis v Samora,* 265 AD2d 482, 483 [1999]). "Moreover, where parents enter into an agreement concerning custody 'it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [child]' " (*Smoczkiewicz v Smoczkiewicz, supra* at 706, quoting *Matter of Gaudette v Gaudette,* 262 AD2d 804, 805 [1999]).

The mother failed to make a showing sufficient to warrant a hearing. She failed to show that there had been a change in circumstances since the time of the stipulation and that it would be in the child's best interest to change residential custody from the father to her. We note that the mother's motion was made a mere four months after the stipulation was entered into and only 20 days after the date of the judgment of divorce (*see Smoczkiewicz v Smoczkiewicz, supra*).

The mother's remaining contentions are without merit. Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.