MAUREEN SPRATT, Respondent, v BRETT FONTANA, Appellant. [847 NYS2d 220]—

In a matrimonial action in which the parties were divorced by judgment dated January 14, 2002, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Falanga, J.), dated March 2, 2007, which denied, without appointing a law guardian or conducting a hearing, his motion to modify the judgment of divorce by awarding him residential custody of the parties' children.

Ordered that the order is affirmed, with costs.

On November 21, 2001 the parties entered into a stipulation of settlement pursuant to which, inter alia, the parties would have joint legal custody of their three children, with the mother having residential custody. The stipulation of settlement further provided that the father would have liberal visitation as delineated and as agreed upon between the parties, and that the

mother would have final decision-making authority as to any major decision and day-to-day issues. The stipulation of settlement was incorporated but not merged into the judgment of divorce dated January 14, 2002.

In 2006 the father moved to modify the judgment of divorce by awarding him residential custody of the parties' children, raising several allegations against the mother. The court denied his motion without appointing a law guardian for the children or conducting a hearing, and the father appeals. We affirm.

Where parents enter into an agreement concerning custody, "it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interest of the children" (*Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003] [internal quotation marks omitted]; *see Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999]; *Matter of Diaz v Diaz*, 224 AD2d 614 [1996]). A "noncustodial parent seeking a change of custody is not automatically entitled to a hearing but must make some evidentiary showing sufficient to warrant a hearing" (*McNally v McNally*, 28 AD3d 526, 527 [2006]; *see Matter of Simmons v Budney*, 5 AD3d 389, 390 [2004]; *DiVittorio v DiVittorio*, 283 AD2d 390, 391 [2001]; *Teuschler v Teuschler*, 242 AD2d 289 [1997]).

In this case, the father failed to make a sufficient showing that there had been a change in circumstances which could support a finding that it was in the children's best interest to change residential custody to himself. Accordingly, the Supreme Court providently exercised its discretion in denying the father's modification motion without appointing a law guardian or conducting a hearing (*see McNally v McNally*, 28 AD3d at 526; *Matter of Simmons v Budney*, 5 AD3d at 390; *DiVittorio v DiVittorio*, 283 AD2d at 391; *Teuschler v Teuschler*, 242 AD2d 289 [1997]). Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.