■ In the Matter of GLENN BAUMAN, Respondent, v DARLENE ABBATE, Appellant. [850 NYS2d 921]—

In a child custody proceeding, the mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated March 8, 2007, as denied, without a hearing, that branch of her motion which was to modify the provisions of a so-ordered stipulation dated June 4, 2004, to award her sole custody of the parties' child.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2003 the father filed a petition in the Supreme Court, Suffolk County, seeking to obtain custody of the parties' child. That petition was resolved by a stipulation, so-ordered by the Supreme Court on June 4, 2004, inter alia, awarding the father custody of the child, with the mother having liberal visitation.

In January 2007 the mother made a motion, which the father opposed, inter alia, to modify the so-ordered stipulation to award her sole custody of the child. The Supreme Court denied the motion without conducting a hearing, and the mother now appeals. We affirm.

The Supreme Court properly denied that branch of the mother's motion which was to modify the stipulation to award her sole custody of the parties' child without conducting a hear-

ing. Where parents enter into an agreement regarding custody, it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody arrangement is in the child's best interests (*see Pambianchi v Goldberg*, 35 AD3d 688, 689 [2006]; *Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003]). The mother failed to sustain her burden on those issues. Moreover, a noncustodial parent seeking a change of custody is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant one (*see DiVittorio v DiVittorio*, 36 AD3d 848, 849 [2007]; *McNally v McNally*, 28 AD3d 526, 527 [2006]). Here, the mother failed to make such a showing (*see DiVittorio v DiVittorio*, 36 AD3d 848, 849 [2007]; *Matter of El-Sheemy v El-Sheemy*, 35 AD3d 738, 739 [2006]; *Jackson v Jackson*, 31 AD3d 386 [2006]).

The mother's remaining contentions are without merit. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.