FRANCES YOUNG, Appellant, v LEIGH YOUNG, Respondent. [854 NYS2d 168]—

The parties share joint custody of their son pursuant to a stipulation of settlement incorporated but not merged into their judgment of divorce. The plaintiff father moved, inter alia, to modify the stipulation insofar as it concerned custody and visitation during the summer, and for an award of an attorney's fee in connection with the motion. We affirm the denial of such relief.

Where parents enter into an agreement regarding custody, it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody arrangement is in the child's best interests (*see Matter of Bauman v Abbate*, 48 AD3d 679 [2008]; *Matter of Conforti v Conforti*, 46 AD3d 877 [2007]). Here, the plaintiff failed to sustain his burden of proof on those issues. Accordingly, the Supreme Court providently exercised its discretion in denying those branches of his motion which were to modify the stipulation of settlement insofar as it concerned custody and visitation during the summer (*see Spratt v Fontana*, 46 AD3d 670 [2007]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Santucci, Angiolillo and Carni, JJ., concur.