■ JILL FOLEY, Appellant, v THOMAS FOLEY, Respondent. [861 NYS2d 386]—

In a matrimonial action in which the parties were divorced by judgment dated June 18, 2004, the plaintiff mother appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Westchester County (Scarpino, Jr., J.), entered October 12, 2007, which denied, without a hearing, inter alia, those branches of her motion which were to modify certain provisions of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, by awarding her sole legal and physical custody of the parties' children, without prejudice to renewal.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties' judgment of divorce provided that, pursuant to the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, the parties would have joint legal and physical custody of the children, and "shall jointly determine all major matters relating to the education, medical treatment, after school activities, religious upbringing and other major matters affecting the children." The judgment further provided that the parties "will have equal time with and equal parenting authority over the children, and neither is a 'custodial' or 'primary' parent."

Joint custody should be continued so long as the parties' relationship is not "so acrimonious" as to effectively preclude joint decision making, such that joint custody is no longer in the best interest of the children (*see Matter of Grasso v Grasso,* 51 AD3d 920 [2008]; *Matter of Parish A. v Jamie T.,* 49 AD3d 1322 [2008]). Here, the Supreme Court providently exercised its discretion in denying the mother a hearing on the ground that there was not a "sufficient change in circumstances" since the last custody determination or agreement (*see Spratt v Fontana,* 46 AD3d 670 [2007]; *Teuschler v Teuschler,* 242 AD2d 289 [1997]), nor a basis to terminate joint custody. To minimize further conflict, the parties were directed to devise a set access schedule with respect to the children, without prejudice to renewal of the mother's motion if an agreement could not be reached.

The mother's remaining contentions are without merit. Skelos, J.P., Miller, Carni and Chambers, JJ., concur.