OPINION OF THE COURT
Conrad D. Singer, J.
*958 The matter before the court is respondent’s motion to dismiss the petition filed by petitioner seeking to modify the final order of custody and visitation of this court of November 2006.
By judgment of divorce issued by Nassau County Supreme Court, dated August 31, 2001, the parties were divorced and were granted joint legal custody of the two children of the marriage, to wit: J., born in March 1995 and K., born in September 1996. Petitioner mother was granted physical custody. Visitation (parenting time) was to occur as per the terms of the parties’ divorce stipulation which was incorporated by reference into, but did not merge with the judgment of divorce.
These terms were subsequently modified, on consent, when the parties entered into a final order of custody and visitation before the Honorable Claire I. Weinberg, J.H.O. of this court, in November 2006. According to the terms of the modified order, respondent father was granted physical custody of the subject children and new visitation (parenting) terms were created for the petitioner mother. By petition dated July 13, 2008, petitioner seeks to modify the November 2006 order to have physical custody of the children transferred back to her.
Respondent asserts the petition fails to allege the requisite change of circumstances and seeks to have the petition dismissed without need for an evidentiary hearing. In opposition to these claims, petitioner’s counsel submitted an affirmation and proof that petitioner completed a chemical dependency outpatient program. Petitioner further argues the change of physical custody in November 2006 was a temporary measure. In fact, petitioner’s counsel states in the third paragraph of her affirmation “Residential custody was changed temporarily in August 2006 so that Mrs. S. could have the opportunity to resolve her issues and see that her life is on a positive track.” (Emphasis supplied.) Despite these protestations, there is nothing to indicate that the November 2006 order was temporary in nature. Nowhere in that document is the word “temporary” found. The document is actually titled “Final Order of Custody and Visitation.” The court is surprised at counsel’s assertion that this was a temporary measure with absolutely no documentation or transcripts to support it, and all evidence pointing toward the contrary.
A modification of an order of custody requires the requisite change in circumstances. (Friederwitzer v Friederwitzer, 55 NY2d 89 [1982].) A modification should be granted where *959 “the totality of the circumstances warrants a modification in the best interests of the child.” (Matter of Ganzenmuller v Rivera, 40 AD3d 756, 757 [2d Dept 2007], citing Friederwitzer v Friederwitzer, 55 NY2d 89, 95 [1982], and Matter of Brian S. v Stephanie P., 34 AD3d 685 [2d Dept 2006].) A party seeking a change in custody is not automatically entitled to a hearing on that issue, but must present an evidentiary showing which would indicate a hearing was warranted. (DiVittorio v DiVittorio, 283 AD2d 390 [2d Dept 2001]; Matter of Miller v Lee, 225 AD2d 778 [2d Dept 1996].)
Herein, the petitioner fails to allege the requisite change in circumstances. Her petition and supporting affidavit state that after an “unfortunate judgment call” she agreed to give respondent temporary custody of the children. They further state she has since put her life back together and believes the children will be better off with her. They further state she does not know how the children are doing since the father does not share any information with her.
As has already been addressed, the argument that the November 2006 order was temporary in nature is unsubstantiated at best. That she may have put her life “back together” does not rise to a change in circumstances. To be sure, language to this effect could have been inserted into the November 2006 order indicating petitioner would regain physical custody if she reached certain benchmarks. No such language exists. Instead, that order spells out physical custody as well as a new visitation (parenting) schedule including the alternating of holidays. To this court, the intent of that order was to be a long-term solution, not a temporary fix.
Petitioner does assert that the father is not providing her with information regarding the children’s educational and social progress. However, respondent easily refutes this allegation by annexing a sampling of e-mails between petitioner and respondent where respondent is at least making the attempt to communicate with petitioner, an attempt petitioner does not seem to want to make go easy. If it is true the respondent is denying her information, then the proper course may be a violation petition. Alone, with absolutely nothing to support the allegation, it is not enough to sustain the modification petition against the motion to dismiss.
The court finds the petitioner has failed to make enough of an evidentiary showing to sustain the petition and warrant a *960 hearing. It is therefore ordered that the father’s motion to dismiss the modification petition is granted in its entirety.