■ MICHAEL JEAN, Appellant, v CHRISTINA VILAR JEÁN, Respondent. [875 NYS2d 88]—Appeal by the father, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated January 29, 2008, as granted that

branch of the mother's motion which was to confirm an order of the same court (Geller, R.), dated October 22, 2007, inter alia, denying, without a hearing, his petition to modify the custody provision of the parties' judgment of divorce dated October 27, 2004, to award him sole custody of the parties' child, and denied that branch of his motion which was to reject that order.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the father's contention, the Supreme Court properly confirmed the Referee's order, inter alia, denying his petition to modify the custody provision of the divorce judgment to award him sole custody of the parties' child, without conducting a hearing. A noncustodial parent seeking a change of custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Jackson v Jackson,* 31 AD3d 386 [2006]; *McNally v McNally,* 28 AD3d 526 [2006]; *Engeldrum v Engeldrum,* 306 AD2d 242 [2003]; *Kjellgren v Kjellgren,* 286 AD2d 753 [2001]; *Matter of Johnson v Semple,* 273 AD2d 311 [2000]). Here, the father failed to make such a showing.

Moreover, there is no requirement that the court appoint an attorney for the child in every custody case (*see Richard D. v Wendy P.,* 47 NY2d 943, 944-945 [1979]; *Jackson v Jackson,* 31 AD3d 386 [2006]; *Matter of Smith v DiFusco,* 282 AD2d 753 [2001]). Under the circumstances of this case, the court providently exercised its discretion in not appointing an attorney for the child (*see Richard D. v Wendy P.,* 47 NY2d at 944-945; *Matter of Desroches v Desroches,* 54 AD3d 1035, 1035-1036 [2008]; *Jackson v Jackson,* 31 AD3d 386 [2006]).

The decision to conduct an in camera interview to determine the best interests of the child in a custody dispute is within the discretion of the trial court (*see Matter of Desroches v Desroches,* 54 AD3d at 1036). Here, the court providently exercised its discretion in conducting, sua sponte, an in camera interview with the subject child (*see Matter of Lincoln v Lincoln,* 24 NY2d 270 [1969]).

The father's remaining contentions are without merit. Mastro, J.P., Florio, Covello and Belen, JJ., concur.