■ In the Matter of NEIL ADORNATO, Appellant, v SOBEIDA ADORNATO, Respondent. [880 NYS2d 535]—In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (DiDomenico, J.), dated January 10, 2008, which, after a hearing, denied his petition to modify the parties' judgment of divorce to award him sole custody of the parties' three children. The notice of appeal from a decision of the same court dated January 3, 2008, is deemed to be a premature notice of appeal from the order (*see* CPLR 5520 [c]).

Ordered that the order is affirmed, without costs or disbursements.

In a stipulation of settlement which was incorporated but not merged in the parties' judgment of divorce dated May 31, 2006, the parties agreed to joint custody of their three children with the mother having residential custody. The instant proceeding was commenced on September 8, 2006, when the father sought to modify the parties' judgment of divorce to award him sole custody of the three children.

"Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Molinari v Tuthill,* 59 AD3d 722, 723 [2009]; *see Matter of Manfredo v Manfredo,* 53 AD3d 498, 499 [2008]). The court must consider the totality of the circumstances (*see Eschbach v Eschbach,* 56 NY2d 167, 171-174 [1982]; *Scheuering v Scheuering,* 27 AD3d 446, 447 [2006]). Since the Family Court "is in the best position to evaluate the testimony, character, and sincerity of the witnesses, its findings are entitled to great deference on appeal, and will not be overturned unless they lack a sound and substantial basis in the record" (*Matter of Strand-O'Shea v O'Shea,* 32 AD3d 398 [2006]; *Matter of Battista v Fasano,* 41 AD3d 712, 713 [2007]). Here, the Family Court

properly determined that under all of the circumstances, a change in custody was not in the children's best interest (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]). Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.