■ CHANDRAGOPAUL SALICK, Appellant, v RADHICA SALICK, Respondent. [887 NYS2d 230]—In a matrimonial action in which the parties were divorced by judgment entered November 25, 2002, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), dated September 10, 2008, as denied, without a hearing, that branch of his motion which was to change the custody of the parties' unemancipated children from the mother to him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A parent who seeks a change of custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see DiVittorio v DiVittorio,* 283 AD2d 390 [2001]; *Matter of Coutsoukis v Samora,* 265 AD2d 482 [1999]; *Teuschler v Teuschler,* 242 AD2d 289, 290 [1997]). Contrary to the father's contention, the Supreme Court did not err in denying, without a hearing, his motion to change custody

of the parties' unemancipated children. The Supreme Court providently exercised its discretion in finding that the father failed to meet his threshold burden of proffering sufficient evidence to warrant a hearing to determine whether, under the totality of the circumstances, a change of custody would be in the best interests of the children (*see DiVittorio v DiVittorio*, 283 AD2d 390 [2001]; *Hom v Hom*, 270 AD2d 391, 392 [2000]; *Teuschler v Teuschler*, 242 AD2d 289 [1997]; *cf. Pander v Pander*, 1 AD3d 583 [2003]). Fisher, J.P., Covello, Angiolillo and Roman, JJ., concur.