■ LINDA SALVATORE, Respondent, v GERALD P. SALVATORE, Appellant. [893 NYS2d 63]—

"When determining custody cases, the primary concern is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]) . . . [i]n determining the custody arrangement that is in the child's best interests, the court must consider multiple factors. These include 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent' " (*Matter of Edwards v Rothschild*, 60 AD3d 675, 676-677 [2009] [citations omitted]).

"Since a custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the court's findings. Therefore, its findings should not be set aside unless they lack a sound and substantial basis in the record" (*Matter*

*of Berkham v Vessia,* 63 AD3d 1155, 1156 [2009] [citations omitted]; *see Torelli v Torelli,* 62 AD3d 691, 692 [2009]; *Matter of Edwards v Rothschild,* 60 AD3d at 677; *Matter of Jara v Rivera,* 60 AD3d 680 [2009]).

The Supreme Court's determination to award custody of the parties' son and daughter to the mother has a sound and substantial basis in the record, and will not be disturbed. While the Supreme Court erred in its factual finding that the father had relinquished custody of one of his daughters from his first marriage, given the total circumstances of this case, that error does not diminish the bases for the award of custody to the mother.

The father is not entitled to any relief based on his claim that he received ineffective assistance of counsel. In the context of civil litigation, a claim of ineffective assistance will not be entertained, absent extraordinary circumstances (*see Galil, LLC v Scott,* 61 AD3d 820 [2009]; *Mendoza v Plaza Homes, LLC,* 55 AD3d 692, 693 [2008]; *Matter of Robinson,* 44 AD3d 961 [2007]; *Matter of Cichosz v Cichosz,* 12 AD3d 598, 599 [2004]; *Matter of Ketcham v Crawford,* 1 AD3d 359, 361 [2003]; *Matter of Eirich v Costello,* 309 AD2d 934 [2003]; *Matter of Saren v Palma,* 263 AD2d 544, 545 [1999]). No such extraordinary circumstances are present on this record.

Furthermore, the Supreme Court properly denied the father's motion to modify the award of custody to the mother. " 'Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child' (*Matter of Pignataro v Davis,* 8 AD3d 487, 488 [2004])" (*Matter of Watson v Smith,* 52 AD3d 615, 616 [2008]; *see Matter of Adornato v Adornato,* 63 AD3d 920 [2009]; *Matter of Meyers v Sheehan,* 62 AD3d 802, 803 [2009]; *Matter of Gurewich v Gurewich,* 58 AD3d 628, 629 [2009]; *Foley v Foley,* 52 AD3d 773, 774 [2008]).

"A noncustodial parent seeking a change of custody is not entitled to a hearing without making some evidentiary showing sufficient to warrant a hearing" (*Matter of Lopez v Infante,* 55 AD3d 837, 838 [2008] [citations omitted]; *see Matter of Olds v Binyard,* 64 AD3d 658, 659 [2009]; *Jean v Jean,* 59 AD3d 599 [2009]; *Matter of Bauman v Abbate,* 48 AD3d 679, 680 [2008]; *Spratt v Fontana,* 46 AD3d 670, 671 [2007]; *Green v Green,* 43 AD3d 867 [2007]). The father failed to make the requisite showing to warrant a hearing. His conclusory and nonspecific allegations, unsupported by any evidentiary showing, were insufficient to warrant a hearing (*see Matter of Blackstock v Price,* 51 AD3d

914, 915 [2008]; *Arcabascio v Arcabascio,* 48 AD3d 606, 607 [2008]).

The father's remaining contentions are without merit. Santucci, J.P., Miller, Angiolillo and Eng, JJ., concur.