■ KEVIN PETERSON, Appellant, v TERRY PETERSON, Respondent. [900 NYS2d 674]—In a matrimonial action in which the parties were divorced by judgment entered August 13, 2008, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated June 4, 2009, as denied, without a hearing, that branch of his motion which was to modify the joint custody provision of the parties' so-ordered stipulation of settlement dated March 29, 2007, so as to award him sole custody of the parties' children.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 29, 2007, the parties entered into a so-ordered stipulation of settlement pursuant to which, inter alia, the parties would have joint legal custody of their two children, with the mother to have residential custody and the father to have liberal visitation as delineated and as agreed upon between the parties.

"[W]here parents enter into an agreement concerning custody it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [children]" (*McNally v McNally*, 28 AD3d 526, 527 [2006] [internal quotation marks omitted]; *see Baker v Baker*, 66 AD3d 722, 723 [2009]; *Matter of Frey v Ketcham*, 57 AD3d 543 [2008]; *Scheuering v Scheuering*, 27 AD3d 446, 447 [2006]). Moreover, "[a] noncustodial parent seeking a change in custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (*Jean v Jean*, 59 AD3d 599, 600 [2009]; *see Jackson v Jackson*, 31 AD3d 386 [2006]; *McNally v McNally*, 28 AD3d 526 [2006]; *Engeldrum v Engeldrum*, 306 AD2d 242 [2003]; *Kjellgren v Kjellgren*, 286 AD2d 753 [2001]).

Here, the father failed to make a showing sufficient to warrant a hearing. He did not show that there had been a change in circumstances since the time of the stipulation and that it would be in the children's best interests to change residential custody from the mother to him (*see Jean v Jean*, 59 AD3d at 600; *Jackson v Jackson*, 31 AD3d 386 [2006]; *McNally v McNally*, 28 AD3d at 526; *Engeldrum v Engeldrum*, 306 AD2d at 242; *Kjellgren v Kjellgren*, 286 AD2d at 753). Accordingly, the Supreme Court properly denied that branch of the father's motion which was to modify the custody provision of the stipulation. Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.