In a matrimonial action in which the parties were divorced by judgment entered October 16, 2008, the mother appeals from so much of an order of the Supreme Court, Suffolk County (Mc-Nulty, J.), dated November 30, 2009, as denied, without a hearing, that branch of her motion which was to change residential custody of the parties’ children from the father to her.
Ordered that the order is affirmed insofar as appealed from, with costs.
“[W]here parents enter into an agreement concerning custody it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [children]” (McNally v McNally, 28 AD3d 526, 527 [2006] [internal quotation marks omitted]; see Peterson v Peterson, 73 AD3d 1005 [2010]; Matter of Lopez v Infante, 55 AD3d 837, 837-838 [2008]). “Moreover, [a] noncustodial parent seeking a change in custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing” (Peterson v Peterson, 73 AD3d at 1006 [internal quotation marks omitted]; see Jean v Jean, 59 AD3d 599, 600 [2009]; Matter of Lopez v Infante, 55 AD3d at 838; Matter of Bauman v Ab-bate, 48 AD3d 679, 680 [2008]; Spratt v Fontana, 46 AD3d 670, 671 [2007]; Green v Green, 43 AD3d 867 [2007]; DiVittorio v DiVittorio, 36 AD3d 848, 849 [2007]; McNally v McNally, 28 AD3d at 527).
The Supreme Court properly denied that branch of the mother’s motion which was to change residential custody of the parties’ children from the father to her without conducting a hearing. The mother failed to demonstrate that there had been a sufficient change of circumstances since the parties had entered into a stipulation of settlement regarding custody, and *996 that it would be in the children’s best interests to change residential custody of the parties’ children from the father to her. Moreover, the mother failed to make an evidentiary showing sufficient to warrant a hearing. Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.