■ NATALIE CONNOR, Respondent, v DARREN CONNOR, Appellant. [960 NYS2d 218]—

In a matrimonial action in which the parties were divorced by judgment dated July 12, 2006, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated January 27, 2011, as denied, without a hearing, that branch of his motion which was to change the physical custody of the parties' child from the mother to him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A parent who seeks a change of custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Salick v Salick*, 66 AD3d 757 [2009]; *Jean v Jean*, 59 AD3d 599, 600 [2009]; *Jackson v Jackson*, 31 AD3d 386 [2006]; *Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705, 706 [2003]; *DiVittorio v DiVittorio*, 283 AD2d 390 [2001]). Contrary to the father's contention, the Supreme Court did not err in denying, without a hearing, that branch of his motion which was to change physical custody of the parties' child from the mother to him. The father proffered only conclusory allegations to the Supreme Court in support of that branch of his motion and, thus, failed to meet his threshold burden of proffering sufficient evidence to warrant a hearing to determine whether, under the totality of the circumstances, a change of custody would be in the best interests of the child. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the father's motion which was to change custody of the parties' child from the mother to him (*see Peterson v Peterson*, 73 AD3d 1005 [2010]; *Salick v Salick*, 66 AD3d at 758; *Jean v Jean*, 59 AD3d at 600; *Jackson v Jackson*, 31 AD3d at 386; *McNally v McNally*, 28 AD3d 526, 527 [2006]; *Kjellgren v Kjellgren*, 286 AD2d 753 [2001]; *DiVittorio v DiVittorio*, 283 AD2d at 391).

The father's contention that the Supreme Court should have directed an offset of his child support arrears against the mother's outstanding equitable distribution obligations to him is not properly before this Court. Rivera, J.P., Hall, Roman and Miller, JJ., concur.