■ ANGELA MARIE MACCHIO, Respondent, v DOMINIC ROCCO MACCHIO, Appellant. [990 NYS2d 641]—

In an action for a divorce and ancillary relief, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated May 6, 2013, as, without a hearing, denied that branch of his motion which was to modify the custody provisions set forth in a separation agreement dated May 29, 2010, which was incorporated but not merged into the parties' judgment of divorce entered December 7, 2012, so as to award him residential custody of the parties' children.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 29, 2010, the parties entered into a separation agreement pursuant to which the mother would have residential custody of the parties' children. The separation agreement was incorporated but not merged into the judgment of divorce, which was entered on December 7, 2012. By order to show cause dated December 18, 2012, the father moved to modify the separation agreement to award him residential custody of the parties' children. The Supreme Court, without a hearing, denied the motion. Since neither party objects to the procedure employed by the Supreme Court in resolving the parties' contentions, we reach the merits thereof (*cf. Barany v Barany*, 71 AD3d 613, 614-615 [2010]).

A parent who seeks a change of custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Connor v Connor*, 104 AD3d 638, 639 [2013]; *Salick v Salick*, 66 AD3d 757 [2009]; *Jean v Jean*, 59 AD3d 599, 600 [2009]). Here, the father failed to show that there had been a change in circumstances which could support a finding that it was in the children's best interest to change residential custody to himself and, thus, failed to meet his threshold burden. He made his motion only two weeks after the issuance of the judgment of divorce, which incorporated the terms of the parties' separation agreement. Accordingly, the Supreme Court providently exercised its discretion in denying

that branch of the father's motion without a hearing (see *Connor v Connor*, 104 AD3d 638, 639 [2013]; *Peterson v Peterson*, 73 AD3d 1005 [2010]; *Salick v Salick*, 66 AD3d at 758; *Jean v Jean*, 59 AD3d at 600). Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.