In the Matter of PATRICK VALENCIA, Appellant, v BELGICA RIPLEY, Respondent. [9 NYS3d 112]—

Appeals from an order and a corrected order of the Family Court, Nassau County (Conrad D. Singer, J.), dated July 1, 2014, and July 2, 2014, respectively. The order and corrected order, without a hearing, granted the mother's motion to disqualify the father's attorney and dismiss the father's petition. By decision and order on motion dated July 21, 2014, this Court granted that branch of the father's motion which was, in effect, to stay enforcement of so much of the order dated July 1, 2014, as disqualified his attorney, pending hearing and determination of the appeals.

Ordered that the appeal from the order dated July 1, 2014, is dismissed, without costs or disbursements, as that order was superseded by the corrected order dated July 2, 2014; and it is further,

Ordered that the corrected order dated July 2, 2014, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the mother's motion which was to disqualify the father's attorney, and substituting therefor a provision denying that branch of the motion; as so modified, the corrected order dated July 2, 2014, is affirmed, without costs or disbursements.

In this custody proceeding, the father sought modification of a final order of custody and visitation (hereinafter the custody order) entered on consent of the parties in March 2009, when the parties' child was four years old. That custody order provided that the parties would share joint legal and physical custody of the child with equal parenting time until the child began kindergarten, at which time the mother would have sole residential custody of the child and the father would have visitation with the child on alternate weekends and on certain weeknights.

After the custody order was entered, the parties reconciled, and the mother and the child moved from the Bronx to the father's home in Nassau County. In April 2013, after the parties' relationship had again broken down, the mother consulted with an attorney to discuss the issue of custody of the child. That same attorney subsequently came to represent the father throughout this custody proceeding. The mother, who had sole residential custody of the child pursuant to the custody order, moved with the child back to the Bronx in July 2013. In August 2013, the father filed a petition to modify the custody order so as to award him sole custody of the child. He alleged, among other things, that the change of circumstances warranting modification was that the parties had reconciled for a number of years between when the custody order was entered and the current petition was filed, and that, during that time, he had become the child's primary caregiver.

The mother moved to disqualify the father's attorney based on her prior consultation with that attorney, and to dismiss the petition on the ground that the petition failed to allege a sufficient change in circumstances to warrant modification of the existing custody arrangement. In an order dated July 1, 2014, the Family Court granted the mother's motion. The same court subsequently issued a corrected order dated July 2, 2014, granting the same relief and, effectively, correcting a scrivener's error in the order dated July 1, 2014. The father appeals, and we modify the corrected order.

The Family Court improvidently exercised its discretion in granting that branch of the mother's motion which was to disqualify the father's counsel. The disqualification of an attorney is a matter which lies within the sound discretion of the court (*see Cohen v Cohen*, 125 AD3d 589 [2015]; *Halberstam v Halberstam*, 122 AD3d 679 [2014]; *Mineola Auto., Inc. v Millbrook Props., Ltd.*, 118 AD3d 680 [2014]; *Seeley v Seeley*, 129 AD2d 625, 627 [1987]). "A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted. While the right to choose one's counsel is not absolute, disqualification of legal counsel during litigation implicates not only the ethics of the profession but also the parties' substantive rights, thus requiring any restrictions to be carefully scrutinized" (*Gulino v Gulino*, 35 AD3d 812, 812 [2006] [citations omitted]; *see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443-445 [1987]). Where a party seeks to disqualify counsel of an adversary in the context of ongoing litigation, courts

consider when the challenged interests became materially adverse to determine if the party could have moved at an earlier time (*see Hele Asset, LLC v S.E.E. Realty Assoc.*, 106 AD3d 692, 693-694 [2013]; *Matter of Astor Rhinebeck Assoc., LLC v Town of Rhinebeck*, 85 AD3d 1160, 1161 [2011]). "If a party moving for disqualification was aware or should have been aware of the facts underlying an alleged conflict of interest for an extended period of time before bringing the motion, that party may be found to have waived any objection to the other party's representation" (*Hele Asset, LLC v S.E.E. Realty Assoc.*, 106 AD3d at 694; *see Matter of Aaron W. v Shannon W.*, 96 AD3d 960, 961 [2012]). Here, the mother brought the issue of the potential conflict to the court's attention in April 2014, even though the record reflects that she had been aware of this issue for at least eight months at that time. Therefore, the mother waived any objection to the father's choice of counsel.

A party seeking the modification of an existing court-sanctioned custody arrangement has the burden of demonstrating that circumstances have changed since the initial custody determination to the extent that modification is necessary to ensure the child's best interests (*see Matter of Nava v Kinsler*, 85 AD3d 1186 [2011]). The petition failed to allege a sufficient change of circumstances (*see Matter of Ali v Hines*, 125 AD3d 851 [2015]; *Matter of Castagnini v Hyman-Hunt*, 123 AD3d 926 [2014]). At the time the parties entered into the custody order, they were living separately, in different counties, and the child was residing with the mother, who was the primary caregiver. At the time the modification petition was filed, the parties were again living separately, in different counties, and the child was residing with the mother, who was her primary caregiver. Therefore, the Family Court properly granted that branch of the mother's motion which was to dismiss the petition without a hearing (*see Macchio v Macchio*, 120 AD3d 560 [2014]; *Connor v Connor*, 104 AD3d 638 [2013]).

The father's remaining contentions are without merit. Eng, P.J., Leventhal, Hall and Roman, JJ., concur.