■ In the Matter of ROLAND S. MERCHANT, JR., Appellant, v CAMERON L. CALDWELL, Respondent. [52 NYS3d 391]—

Appeal by the father from an order of the Family Court, Kings County (Judith Waksberg, J.), dated May 23, 2016. The order, insofar as appealed from, without a hearing, granted the mother's motion to dismiss the father's petition to modify the custody provisions of the parties' stipulation of settlement so as to award him sole physical custody, or, in the alternative, sole legal custody, of the parties' child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were never married, and have one child in common. On October 1, 2013, they entered into a so-ordered stipulation of settlement pursuant to which the mother was awarded sole physical custody of the child and the parties shared joint legal custody of the child. In September 2015, the father filed a petition seeking sole physical custody of the child, or, in the alternative, sole legal custody of the child. The mother thereafter moved to dismiss the father's petition. The Family Court, without a hearing, granted the mother's motion to dismiss the father's petition. The father appeals.

A parent who seeks a change of custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (*see Macchio v Macchio*, 120 AD3d 560 [2014]; *Connor v Connor*, 104 AD3d 638, 639 [2013]; *Salick v Salick*, 66 AD3d 757 [2009]; *Jean v Jean*, 59 AD3d 599, 600 [2009]). Here, the father failed to show that there had been a change in circumstances which could support a finding that it was in the child's best interest to change physical custody, or legal custody, to himself and, thus, he failed to meet

his threshold burden (*see Connor v Connor*, 104 AD3d 638 [2013]; *Salvatore v Salvatore*, 68 AD3d 966 [2009]; *Matter of Watson v Smith*, 52 AD3d 615 [2008]; *Green v Green*, 43 AD3d 867 [2007]; *McNally v McNally*, 28 AD3d 526 [2006]). The father's remaining contention is without merit. Accordingly, the Family Court providently exercised its discretion in granting the mother's motion to dismiss the father's petition without a hearing. Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.