Matter of Slade v Haymes (2019 NY Slip Op 07590)





Matter of Slade v Haymes


2019 NY Slip Op 07590


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2018-09297
 (Docket Nos. V-3582-08/18C, V-6162-15/18A)

[*1]In the Matter of Shayne Dion Slade, appellant,
v
Brittany Marie Haymes, respondent.


Salvatore C. Adamo, New York, NY, for appellant.
Del Atwell, East Hampton, NY, for respondent.
Patricia L. Campanaro, Hopewell Junction, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated July 12, 2018. The order, without a hearing, granted the mother's motion to dismiss the father's petition to modify two prior orders of custody and parental access of the same court (one as to each child), both dated May 23, 2016.
ORDERED that the order dated July 12, 2018, is affirmed, without costs or disbursements.
In February 2018, the father filed a petition to modify two prior orders of custody and parental access (one as to each child), both dated May 23, 2016, which provided, inter alia, that exchanges of the subject children for purposes of the father's parental access would take place either at the children's school or at their day care facility. The father sought to have "[a]ll pick ups and drop offs" of the children occur at a state trooper barracks, as he alleged that the children were no longer in day care. The father filed the modification petition several months after the mother obtained a temporary order of protection based upon an incident that occurred at the day care facility when the father was present on a date on which he was not scheduled to have parental access (see Matter of Haymes v Slade, ___ AD3d ___ [Appellate Division Docket No. 2018-11385; decided herewith]). The mother moved to dismiss the father's petition, arguing that the father failed to allege a sufficient change in circumstances to warrant modification of the prior orders. In an order dated July 12, 2018, the Family Court, without a hearing, granted the mother's motion to dismiss the father's petition, and the father appeals.
To avoid subjecting children and their parents to unnecessary additional litigation, the courts require that, before a full hearing is ordered, a parent seeking to change existing custodial or access arrangements must make an evidentiary showing of a change in circumstances demonstrating a need to conduct a full hearing into whether a change is appropriate in order to insure the children's best interests (see Matter of Newton v McFarlane, 174 AD3d 67, 76-77; Matter of [*2]Valencia v Ripley, 128 AD3d 711). Here, the record indicates that the subject children were in school and day care, and, therefore, there had been no change of circumstances. The father failed to make an evidentiary showing to the contrary. Accordingly, we agree with the Family Court's determination granting the mother's motion to dismiss the father's petition.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court