Saeteros-Pacheco v Dzhurayev (2026 NY Slip Op 01811)

Saeteros-Pacheco v Dzhurayev

2026 NY Slip Op 01811

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
HELEN VOUTSINAS
SUSAN QUIRK, JJ.

2024-08422
 (Index No. 717207/18)

[*1]Stalyn Saeteros-Pacheco, etc., et al., appellants,
vMichael Dzhurayev, defendant third-party plaintiff; Gilbert Saetreos Angamarca, third-party defendant-respondent.

Law Office of Manuel D. Gomez, New York, NY, for appellants.
Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for third-party
defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered May 7, 2024. The order granted the third-party defendant's motion to disqualify the plaintiffs' counsel.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the third-party defendant's motion to disqualify the plaintiffs' counsel is denied.
In 2018, the infant plaintiff, by his mother and natural guardian Gloria Pacheco, Pacheco suing individually, and Pacheco's husband, Gilbert Saeteros Angamarca (hereinafter Gilbert), commenced this action against the defendant, Michael Dzhurayev, to recover damages for personal injuries they allegedly sustained in a motor vehicle accident. Thereafter, Gilbert voluntarily withdrew as a plaintiff from the action and the defendant commenced a third-party action against Gilbert. In August 2022, Gilbert answered the third-party complaint, asserting certain affirmative defenses, including Pacheco's culpable conduct.
Approximately one year later, Gilbert moved to disqualify the Law Office of Manuel D. Gomez as the plaintiffs' counsel, based upon Gomez's prior representation of Gilbert as a plaintiff in the action. In an order entered May 7, 2024, the Supreme Court granted the motion. The plaintiffs appeal.
"'A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted'" (Matter of Valencia v Ripley, 128 AD3d 711, 712, quoting Gulino v Gulino, 35 AD3d 812, 812). "Where a party seeks to disqualify counsel of an adversary in the context of ongoing litigation, courts consider when the challenged interests became materially adverse to determine if the party could have moved at an earlier time" (id. at 712-713). If a party moving for disqualification was aware or should have been aware of the facts underlying an alleged conflict of interest for an extended period of time before bringing the motion, it can be inferred that the motion was made merely to secure a tactical advantage, and that party may be found to have [*2]waived any objection to the other party's representation (see Matter of Marotta v Marotta, 218 AD3d 468, 471; Matter of Valencia v Ripley, 128 AD3d at 713).
Here, Gilbert was aware or should have been aware of the facts underlying the alleged conflict of interest for an extended time period prior to bringing the motion to disqualify the plaintiffs' counsel. Under the circumstances of this case, Gilbert's failure to move earlier to disqualify the plaintiffs' counsel constituted a waiver of his objection to the plaintiffs' legal representation (see Matter of Marotta v Marotta, 218 AD3d at 472; Matter of Valencia v Ripley, 128 AD3d at 713; Matter of Aaron W. v Shannon W., 96 AD3d 960, 962). Accordingly, the Supreme Court should have denied Gilbert's motion.
BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court