OPINION OF THE COURT
Stuart C. Cohen, J.
Defendant One Fifth Avenue Apartment Corp. moves pursuant to CPLR 3212 for summary judgment dismissing the derivative causes of action in the complaint (the first, second and third causes of action).
In February 1993, plaintiif Peter Ungerleider commenced this action asserting, among other things, three derivative claims on behalf of the Cooperative, One Fifth Avenue Apartment Corp. The approximately 16 defendants were members of the Board of One Fifth Avenue Apartment Corp. (Cooperative), at some point within the period April 1990 to the date of the complaint.
The complaint alleges, among other things, that the Cooperative’s Boards breached their fiduciary duties to the Cooperative by permitting several tenant-shareholders to combine two or more separate apartments into a single unit, without updating the July 1985 certificate of occupancy for the building. It is alleged that the Boards failed to disclose the certificate of occupancy violation to the tenant-shareholders and to inform them that this violation constituted a default under the mortgage thereby jeopardizing the Cooperative’s financial stability.
The first cause of action alleged that the individual defendants breached their fiduciary duties in failing to maintain a valid certificate of occupancy, so that preliminary permanent mandatory injunctive relief was warranted. The second cause of action alleges that by reason of said breach, defendants are liable for compensatory and punitive damages. The third cause of action alleges that by reason of said breach, the individual defendants are liable for the costs of remedying the noncompliance, and costs in the event the mortgage is accelerated.
An answer was interposed and on August 24, 1993, plaintiffs motion for injunctive relief was denied by Justice Mazzarelli. Subsequently, at a Board meeting held on November 30, 1993, a special litigation committee was established to take *120 action on behalf of the Board and the Cooperative with regard to plaintiff’s complaint.
In January 1994, the committee met and decided to hire counsel. Counsel was directed to, inter alia, review the Cooperative’s records and prepare an analysis of the legal issues raised in the derivative claims. Subsequently, a draft report was prepared, the committee met with counsel and thereafter determined that prosecution of the Ungerleider derivative claims is not desirable. The Cooperative therefore seeks dismissal of the derivative claims pursuant to the business judgment rule.
The issue to be resolved is whether the business judgment rule applies to this specially appointed committee of directors acting on behalf of the Board to terminate plaintiff’s derivative action.
The business judgment rule bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes (Auerbach v Bennett, 47 NY2d 619, 629). While the substantive aspects of a decision to terminate a shareholder’s derivative action against defendant corporate directors appointed by the corporation’s board of directors are beyond judicial inquiry under the business judgment doctrine, the court may inquire as to the disinterested independence of the members of that committee and as to the appropriateness and sufficiency of the investigative procedure chosen and pursued by the committee. (Supra, at 624-625.)
In this case, the Cooperative has submitted proof of the disinterested independence of the members of the committee. Each of the three members of the committee is not related to any of the individual defendants in the action, have not been employed by or engaged in any business relationships with the individual defendants and were not members of the Board during the time periods at issue in this litigation. Plaintiff has not submitted any proof to raise an issue of fact as to the disinterested independence of the members of the committee.
The Cooperative also submits proof as to the appropriateness and sufficiency of the investigative procedure chosen and pursued by the committee. The committee reviewed the complaint and certain other litigation papers and engaged counsel. Counsel was then directed to review the Cooperative’s records back to 1985 — when the current certificate of occupancy was issued, litigation materials, Building Department *121 records and to confer with the architect. Counsel then submitted a draft report, containing a chronology of events from 1985 through September 1991 and the legal issue involved. These issues include the business judgment standard, the certificate of occupancy statutory violation, breach of fiduciary duty, the cost of compliance, acceleration of the mortgage, and the costs of proceeding with the suit. The committee reviewed the report, met with counsel and determined that prosecution of these claims is not in the interest of the Cooperative.
The procedure followed in this case, consisting of appointing a special committee of disinterested independent directors, advised by independent counsel who, inter alia, reviewed the Cooperative records, litigation material, Building Department records, and conferred with the architect, is an appropriate way for the Cooperative to exercise its power to determine whether a lawsuit such as this, nominally on behalf of the corporation, would be pursued (see, Byers v Baxter, 69 AD2d 343, 347-348). The Cooperative has shown that the areas and subjects examined were reasonably complete and that there has been a good-faith pursuit of inquiry into such areas and subjects. As to what has been uncovered and the relative weight accorded in evaluating and balancing the several factors and considerations are beyond the scope of judicial concern (Auerbach v Bennett, 47 NY2d, supra, at 634).
The proof submitted by plaintiff is insufficient to raise an issue of fact to demonstrate that "the investigation has been so restricted in scope, so shallow in execution, or otherwise so pro forma or halfhearted as to constitute a pretext or sham” (Auerbach v Bennett, supra, at 634).
Nor has plaintiff demonstrated that further discovery is necessary. This action was commenced nearly two years ago and a substantial amount of discovery has been completed, including defendants’ production of over 8,000 pages of materials, the architect’s production of about 3,000 pages of material and several examinations before trial. Plaintiff has failed to identify any particulars as to which he desires discovery relating to the disinterestedness of the members of the special litigation committee or the procedures followed by that committee (Auerbach v Bennett, supra, at 636).
The Clerk shall enter judgment in favor of defendants dismissing the first, second and third causes of action. The remaining causes of action are severed and shall continue.