■ JEFFREY W. MOSES et al., Appellants, v BROWN HARRIS STEVENS RESIDENTIAL MANAGEMENT, L. L. C., et al., Defendants, and PARK & 93RD OWNERS CORP., Respondent [720 NYS2d 1] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered on or about August 31, 1999, which, in an action by plaintiff tenants/shareholders against defendant residential cooperative for tortious interference with plaintiffs' contract to purchase the shares allocated to the apartment directly beneath their own, granted the coop's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiffs allege that their contract with a holder of unsold shares was exempt from Board approval and subject only to the approval of the managing agent, which was not to be unreasonably withheld, and that the managing agent, having received an improper communication from the Board concerning the sale, refused to approve the contract because its purpose could only have been to create a duplex in violation of a long-standing Board policy. This fails to state a cause of action for tortious interference against the coop. As the motion court held, while approval or rejection might formally have been the responsibility of the managing agent, nothing in the proprietary lease, the coop's bylaws, or any other authority, including the law of tortious interference, prohibited the Board from making its views about the sale known to its own agent. Nor does it avail plaintiffs to argue that the policy against duplexing was not "long-standing," as stated by the managing agent in his rejection of the sale, but was instead developed in response to this particular sale, since the Board should be free to develop new policies as the need arises. Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Rubin, JJ.