■ ELSIE N. LESESNE, Respondent, v CARROLL B. LESESNE, Appellant. [739 NYS2d 295] —In a matrimonial action in which the parties were divorced by judgment dated December 16, 1998, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scancarelli, J.), entered March 27, 2001, as denied, without a hearing, that branch of his motion which was to adjudicate the plaintiff to be in contempt of court.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

On March 12, 1998, the plaintiff and the defendant entered into a "post-nuptial agreement" which, in relevant part, provided that neither would "in any way, molest, disturb, annoy, harass, threaten or malign the other party * * * in any manner whatsoever." By judgment of divorce dated December 16, 1998, the parties were, inter alia, directed to "comply with every legally enforceable term and provision of such Post-Nuptial Agreement." By order to show cause dated November 5, 1999, the defendant husband moved, among other things, to hold the plaintiff in contempt based on her failure and refusal to comply with the foregoing provision of the postnuptial agreement. The Supreme Court denied the defendant's motion without a hearing.

The allegations contained in the defendant's application were sufficient to warrant a hearing on the issue of whether the plaintiff willfully violated the foregoing provision of the post-nuptial agreement. Therefore, the matter is remitted to the Supreme Court, Westchester County, for a contempt hearing (see, Sidhu v Sidhu, 274 AD2d 465; Mastrantoni v Mastrantoni, 242 AD2d 825). Prudenti, P.J., Santucci, S. Miller and Friedmann, JJ., concur.