◼ ARTHUR WIENER, Appellant, v 150 WEST END OWNERS CORP. et al., Respondents, et al., Defendant. [751 NYS2d 227] —In an action, inter alia, to recover damages for withholding of consent to purchase a cooperative apartment, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (R. Goldberg, J.), dated January 8, 2001, which, upon granting the motion of the defendants 150 West End Owners Corp., Cantor Real Estate Corp., Ralph Santora, John Crivelli, and Eleanor Krol for summary judgment dismissing the complaint insofar as asserted against them, dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

In support of their motion for summary judgment, the defendants 150 West End Owners Corp., Cantor Real Estate Corp., Ralph Santora, John Crivelli, and Eleanor Kroll (hereinafter the defendants) established their prima facie entitlement to judgment as a matter of law by demonstrating that the managing agent reasonably withheld consent for the plaintiff to purchase shares of stock in the defendants' cooperative apartment building. Consent to the purchase would have given the plaintiff, a partner in the entity that sponsored the cooperative conversion of the building, close to 50% control of the building and was not in the best interests of the cooperative's management or financial well-being. In addition, the plaintiff's stated intention to sublet the apartment unit appurtenant to

the shares of stock violated the cooperative board's policy against selling to nonresident owners. Under these circumstances, the decision to withhold consent for the transfer of shares was reasonable (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530; *Moses v Brown Harris Stevens Residential Mgt.*, 279 AD2d 257; *Seven Park Ave. Corp. v Green,* 277 AD2d 123; *Rosenthal v One Hudson Park,* 269 AD2d 144, 145; *Leonard v Kanner,* 239 AD2d 153, 154). Furthermore, while the proprietary lease provided that consent to purchase shares on a foreclosed unit was subject solely to the approval of the managing agent, there was no prohibition against the managing agent consulting with the cooperative's counsel or board of directors (*see Moses v Brown Harris Stevens Residential Mgt.*, *supra*; *Ungerleider v One Fifth Ave. Apt. Corp.,* 164 Misc 2d 118).

In opposition to the motion, the plaintiff failed to produce evidentiary proof in admissible form sufficient to establish a material issue of fact so as to require a trial of the action (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). In particular, there is no proof that the defendants' denial of consent was based upon racial discrimination (*see Ferrante v American Lung Assn.,* 90 NY2d 623; *Lesesne v Lesesne,* 292 AD2d 510; *Sirianni v Rafaloff,* 284 AD2d 447, 448; *Fine v Berman,* 238 AD2d 220).

Accordingly, the court properly granted the defendants' motion for summary judgment. Ritter, J.P., Santucci, Goldstein and Mastro, JJ., concur.