■ STEVEN FERRARA, Appellant, v DONNA FERRARA, Respondent. [839 NYS2d 789]—

In an action, inter alia, for a judgment declaring the extent of the plaintiff's obligations pursuant to a stipulation of settlement dated January 8, 2001, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Balkin, J.), entered March 13, 2006, as, upon reargument, denied his motion for summary judgment, which had been granted by order of the same court dated October 25, 2005, and upon, in effect, searching the record, among other things, determined that the monthly obligation to pay real estate taxes and homeowners insurance did not terminate on April 23, 2001, and directed him to pay to the defendant the sum of $3,500 in attorney's fees.

Ordered that the order is modified, on the law, by deleting the provision thereof, which, upon reargument, directed the plaintiff to pay to the defendant the sum of $3,500 in attorney's fees; as so modified, the order is affirmed insofar as appealed from, with costs payable to the defendant.

Under the parties' stipulation of settlement, one of two possible ways in which the plaintiff's obligation to make real estate tax and homeowners insurance payments on the marital resi-

dence would terminate was by "the natural expiration of [the] mortgage by its terms." The other way was by the defendant selling the "marital residence prior to the mortgage being satisfied" before the expiration of the mortgage. The Supreme Court correctly determined that this provision did not include the plaintiff's early prepayment of the mortgage before its maturation date of July 1, 2007. As the Supreme Court observed, while the plaintiff was entitled under the mortgage to prepay up to and including the full amount of the mortgage without incurring prepayment penalties, under the language of the stipulation of settlement such prepayment would not terminate his obligations to pay real estate taxes and homeowners insurance before "the natural expiration of said mortgage by its terms" on July 1, 2007. While such prepayment may have terminated the plaintiff's obligations under the mortgage, the plain meaning of the language employed in the stipulation of settlement contemplated the completion of the term of the mortgage, or the defendant's "sooner" sale, not the early satisfaction of the mortgage (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]; *cf. EMI Music Mktg. v Avatar Records, Inc.,* 317 F Supp 2d 412, 420 [2004]). Had the parties intended that the stipulation of settlement contemplate additional events of termination of the plaintiff's obligation to pay real estate taxes and insurance premiums, they were free to expressly provide for them (*cf. Beal Sav. Bank v Sommer,* 8 NY3d 318, 332 [2007]).

The Supreme Court erred, however, in awarding the defendant an attorney's fee for defending this declaratory judgment action. The defendant herself relied in her counterclaim for this relief only on article XIV, paragraph 4 of the stipulation of settlement. This provision was inapposite, as the plaintiff never sought "to vacate or set aside" any of its terms. Quite the contrary, his amended complaint alleged his wish to comply with its terms. The Supreme Court, in awarding an attorney's fee to the defendant, relied not on article XIV but on article XXVI, paragraph 4. This was equally inapposite because it only applies when the defendant was "forced to seek aid of counsel in enforcing any rights pursuant to this stipulation," and her amended answer and counterclaim allege no rights she seeks to enforce. Miller, J.P., Crane, Ritter and Lifson, JJ., concur.