■ DANA MITCHELL JAFFE, Respondent, v KENNETH JAFFE, Appellant. [844 NYS2d 97]—

In a matrimonial action in which the parties were divorced by judgment entered January 8, 2001, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated June 26, 2006, as denied, without a hearing, that branch of his motion which was to hold the plaintiff in contempt based upon her alleged interference with his visitation with the parties' children.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied, without a hearing, that branch of the defendant's motion which was to hold the plaintiff in contempt based upon her alleged interference with his visitation with the parties' children. A hearing is not mandated "in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (*Bowie v Bowie*, 182 AD2d 1049, 1050 [1992]; *see Matter of Ginther v Ginther*, 13 AD3d 1128 [2004]; *Matter of Benny v Benny*, 199 AD2d 384 [1993]). Here, the defendant's conclusory, baseless, and self-serving allegations were insufficient to raise an issue of fact necessitating a hearing, and nothing in the record would support a finding that the plaintiff failed to comply with the visitation provisions of the separation agreement and its modification, both of which were incorporated by reference into the judgment of divorce (*see Bowie v Bowie*, 182 AD2d 1049 [1992]; *cf. Mulder v Mulder*, 191 AD2d 541 [1993]). Rivera, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.