In the Matter of EDWARD L. BROWN, Appellant, v JENNIFER MUDRY, Respondent. [866 NYS2d 301]—In a visitation proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Suffolk County (Hoffman, J.), dated September 21, 2007, which dismissed, without a hearing, his motion to adjudicate the respondent in civil contempt of an order of visitation of the same court (Budd, J.) dated April 28, 2006.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly dismissed, without a hearing, the motion to hold the respondent in civil contempt of an order of visitation. The burden is on the moving party to demonstrate, by clear and convincing evidence, that the accused party violated a clear and unequivocal court order which the accused party knew was in effect, thereby prejudicing a right of another party to the litigation (*see* Judiciary Law § 753 [A] [3]; *Matter of McCormick v Axelrod,* 59 NY2d 574, 583 [1983]; *Matter of Romanello v Davis,* 49 AD3d 652, 653 [2008]; *Vujovic v Vujovic,*

16 AD3d 490, 491 [2005]; *Matter of Laland v Edmond*, 13 AD3d 451 [2004]). "A hearing is not mandated in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (*Jaffe v Jaffe*, 44 AD3d 825, 826 [2007] [internal quotation marks and citations omitted]).

Here, the petitioner offered no evidentiary support for his allegation that the respondent failed to comply with an order of visitation and therefore failed to raise an issue of fact which would necessitate a hearing (*see Jaffe v Jaffe*, 44 AD3d at 826; *Jafri v Jafri*, 292 AD2d 425 [2002]; *cf. Lesesne v Lesesne*, 292 AD2d 510 [2002]; *McKinley v McKinley*, 79 AD2d 603 [1980]). Mastro, J.P., Angiolillo, Carni and Eng, JJ., concur.