■ Wel-Made Enterprises, Inc., et al., Respondents, v Mid Island Redi-Mix, Inc., Appellant. [916 NYS2d 800]—In an action, inter alia, for specific performance of an option to purchase a 50% interest in a certain business, the defendant appeals from a judgment of the Supreme Court, Nassau County (Galasso, J.), dated September 8, 2009, which, after a nonjury trial, is in favor of the plaintiffs and against it, awarding the plaintiffs specific performance.

In an action, inter alia, for specific performance of an option to purchase a 50% interest in a certain business, the defendant appeals from (1) an order of the Supreme Court, Nassau County

(Galasso, J.), entered November 12, 2009, which granted the plaintiffs' motion to hold the defendant in civil contempt for failure to comply with a judgment of the same court dated September 8, 2009, and directed the defendant to execute in good faith all documents necessary to transfer to the plaintiffs 50% of its business now under a different corporate designation from the original contract "within ten days or the Court will void the lease and order defendant's eviction," and (2) a judgment of the same court entered December 4, 2009, which, upon the order entered November 12, 2009, in effect, adjudicated the defendant to be in continued contempt, terminated the defendant's lease, and awarded the plaintiffs possession of the subject property.

Ordered that the appeal from the order entered November 12, 2009, is dismissed; and it is further,

Ordered that the judgment entered December 4, 2009, is modified, on the law, by deleting the provision thereof terminating the defendant's lease and awarding the plaintiffs possession of the subject property; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for consideration and imposition of statutorily permissible contempt sanctions and the entry of an amended judgment thereafter; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted the plaintiffs' motion to hold the defendant in civil contempt. The record demonstrates, by clear and convincing evidence, that the defendant knowingly and willfully disobeyed the provisions of the judgment dated September 8, 2009 (*see* Judiciary Law § 753). Contrary to the defendant's contention, an evidentiary hearing was not warranted since no factual dispute existed as to its conduct that was unresolvable from the papers on the motion (*see Bais Yoel Ohel Feige v Congregation Yetev Lev D'Satmar of Kiryas Joel, Inc.*, 78 AD3d 626 [2010]; *Matter of Brown v Mudry*, 55 AD3d 828, 829 [2008]; *Jaffe v Jaffe*, 44 AD3d 825, 826 [2007]).

Nevertheless, the defendant correctly contends that the Supreme Court exceeded its statutory authority by terminating the defendant's lease and awarding the plaintiffs possession of the subject property. Pursuant to Judiciary Law § 753, a court

punishing a party for contempt can only impose a fine or imprisonment, or both. "The Supreme Court exceeds its authority when it fashions a remedy not contemplated by the statute" (*Parker v Top Homes, Inc.*, 58 AD3d 817, 819 [2009]; *see Pitterson v Watson*, 299 AD2d 467 [2002]). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for consideration and imposition of the statutorily permissible contempt sanctions. Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.