◼ In the Matter of ELVIN PAULINO, Appellant, v TASHA THOMPSON, Respondent. [41 NYS3d 903]—

Appeal by the father from an order of the Family Court, Richmond County (Arnold Lim, J.), dated April 21, 2015. The order dismissed, without a hearing, the father's petition to modify a prior so-ordered stipulation of custody and visitation so as to award him physical custody of the subject children.

Ordered that the order is affirmed, without costs or disbursements.

The parties, who were never married, have two children together. Pursuant to a prior so-ordered stipulation, the parties agreed, inter alia, that the mother would have physical custody of the children and that the father would have visitation. The father appeals from an order which dismissed, without a hearing, his petition to modify the stipulation so as to award him physical custody of the children.

Where parents enter into an agreement concerning custody, it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the children (*see Matter of Lazo v Cherrez*, 121 AD3d 999, 1000-1001 [2014]; *Matter of Cornejo v Salas*, 110 AD3d 1068, 1068 [2013]; *McNally v McNally*, 28 AD3d 526, 527 [2006]). The party seeking such modification is not automatically entitled to a hearing but must make some evidentiary showing

of a change in circumstances sufficient to warrant a hearing (*see Matter of Williams v Norfleet*, 140 AD3d 1078, 1079 [2016]; *Giasemis v Giasemis*, 139 AD3d 794, 797 [2016]; *Matter of Ali v Hines*, 125 AD3d 851 [2015]; *Whitehead v Whitehead*, 122 AD3d 921, 921 [2014]). Here, the father failed to allege a sufficient change in circumstances between the time of the stipulation and the filing of his petition. Accordingly, the Family Court properly dismissed the father's petition without a hearing (*see Matter of Valencia v Ripley*, 128 AD3d 711, 712 [2015]; *Matter of Castagnini v Hyman-Hunt*, 123 AD3d 926 [2014]; *Macchio v Macchio*, 120 AD3d 560 [2014]). Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.