■ In the Matter of DEVKUMAR CHICHRA, Appellant, v SHILPA CHICHRA, Respondent. [49 NYS3d 513]—

Appeal by the father from an order of the Family Court, Queens County (Marilyn J. Moriber, Ct. Atty. Ref.), dated January 21, 2016. The order, without a hearing, denied the father's petition, in effect, to enforce the visitation provisions of a stipulation of settlement dated October 26, 2013, modify the custody provisions of that stipulation, and hold the mother in contempt for failure to comply with the visitation provisions of that stipulation.

Ordered that the order is affirmed, without costs or disbursements.

The parties have two children. In a stipulation of settlement dated October 26, 2013, which was incorporated but not merged into the parties' judgment of divorce dated February 7, 2014, the parties agreed that the mother would have sole legal and residential custody of the children, and that the father would have visitation with the children on the third weekend of every month, as well as on certain holidays. The father also consented to the mother relocating with the children to Pennsylvania. In December 2015, the father filed a petition in the Family Court seeking, in effect, to enforce the visitation provisions of the stipulation, modify the custody provisions of the stipulation so as to award him sole custody of the children, and hold the mother in contempt for failure to comply with the visitation provisions of the stipulation. By order dated January 21, 2016, the Family Court, without a hearing, denied the father's petition, inter alia, for failure to state a cause of action. The father appeals.

The Family Court properly determined that the petition failed to state a cause of action. Custody provisions of a stipulation of settlement may be modified when a change in circumstances has made modification necessary to ensure that the provisions serve the best interests of the child (*see* Family Ct Act § 652 [a]; *Matter of Pena v Lopez*, 140 AD3d 967, 968 [2016]; *Matter of Gelfarb v Gelfarb*, 133 AD3d 598, 599 [2015]). The party seeking modification is not automatically entitled to a hearing but must make some evidentiary showing of a change in circumstances sufficient to warrant a hearing (*see Matter of Paulino v Thompson*, 145 AD3d 726, 727 [2016]; *Matter of Klotz v O'Connor*, 124 AD3d 662, 663 [2015]; *Macchio v Macchio*, 120 AD3d 560 [2014]; *Connor v Connor*, 104 AD3d 638, 639 [2013]). Conclusory and nonspecific allegations relating to a change in circumstances are insufficient to justify a hearing on the issue of whether a change in custody would be in the best interests of the child (*see Matter of Blackstock v Price*, 51 AD3d 914, 915 [2008]).

Under the circumstances presented here, the Family Court properly denied, without a hearing, that branch of the father's petition which was, in effect, to modify the custody provisions of the stipulation of settlement. The father failed to make an evidentiary showing of a change in circumstances sufficient to warrant a hearing. His assertions were conclusory and nonspecific, and were unsubstantiated (*see Matter of Paulino v Thompson*, 145 AD3d at 727; *Connor v Connor*, 104 AD3d at 639; *Matter of Aronowich-Culhane v Fournier*, 94 AD3d 1114, 1115 [2012]).

The Family Court did not err in denying, without a hearing, that branch of the father's petition which was, in effect, to enforce the visitation provisions of the stipulation of settlement, as the allegations in the petition were conclusory and unsubstantiated (*see Matter of Palmiotti v Piscitelli*, 100 AD3d 637, 639 [2012]). In addition, the court did not err in denying, without a hearing, that branch of the father's petition which was, in effect, to hold the mother in contempt for failure to comply with the visitation provisions of the stipulation of settlement (*see Matter of Brown v Mudry*, 55 AD3d 828, 829 [2008]; *Jaffe v Jaffe*, 44 AD3d 825, 826 [2007]). A hearing is not mandated in every instance where a finding of contempt is sought. It need only be conducted if a factual dispute exists which cannot be resolved on the papers alone (*see Matter of Brown v Mudry*, 55 AD3d at 829; *Jaffe v Jaffe*, 44 AD3d at 826). Here, the father offered no evidentiary support for his allegation that the mother failed to comply with the visitation provisions of the stipulation of settlement and, therefore, failed to raise an issue of fact that would necessitate a hearing (*see id.*). Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.