Matter of DeGennaro v DeGennaro (2018 NY Slip Op 01054)





Matter of DeGennaro v DeGennaro


2018 NY Slip Op 01054


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-03264
 (Docket No. V-16823-16/16A)

[*1]In the Matter of Edmund DeGennaro, appellant- respondent, 
v
Julie DeGennaro, respondent-appellant.


Richard Paul Stone, New York, NY, for appellant-respondent.
F.J. Romano & Associates, P.C., Smithtown, NY (Frank J. Romano of counsel), for respondent-appellant.



DECISION & ORDER
Appeal and cross appeal from an order of the Family Court, Suffolk County (Caren Loguercio, J.), dated February 10, 2017. The order, insofar as appealed from, granted those branches of the mother's motion which were to dismiss those branches of the father's petition which were to hold the mother in civil contempt for her willful violation of the visitation provision in the parties' stipulation of settlement and for a downward modification of his child support obligation. The order, insofar as cross-appealed from, denied that branch of the mother's motion which was for an award of an attorney's fee.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In March 2016, the parties executed a stipulation of settlement, whereby they agreed that the mother would have custody of the partes' child and the father would have visitation at any time he and the child mutually agreed. The mother waived child support in exchange for a distributive award of specified portions of the father's retirement accounts. The stipulation of settlement was incorporated, but not merged, into the parties' judgment of divorce dated July 28, 2016.
Thereafter, the father commenced this proceeding in the Family Court, inter alia, to hold the mother in civil contempt for her willful violation of the visitation provision of the stipulation of settlement and for a downward modification of his child support obligation, consisting of the transfer of retirement account funds to her. The father sought to hold the mother in civil contempt in connection with her alleged interference with his visitation with the child. The mother moved, inter alia, to dismiss those branches of the petition which were to hold her in contempt and for a downward modification of the father's child support obligation, and for an award of an attorney's fee. The court granted those branches of the mother's motion which were to dismiss those branches of the petition which were to hold her in contempt and for a downward modification of the father's child support obligation, and denied that branch of the mother's motion which was for an award of an attorney's fee. The father appeals, and the mother cross-appeals.
The Family Court properly granted that branch of the mother's motion which was to [*2]dismiss that branch of the petition which was to hold her in civil contempt. The father failed to establish that the mother willfully violated a clear and unequivocal order of the court and that he was prejudiced by any such violation (see Matter of Chichra v Chichra, 148 AD3d 883, 885; Matter of Brown v Mudry, 55 AD3d 828, 829).
The Family Court properly granted that branch of the mother's motion which was to dismiss that branch of the petition which was for a downward modification of the father's child support obligation. The court lacked authority to vacate or modify the provision of the stipulation of settlement in which the father agreed to transfer funds from his retirement accounts to the mother (see Matter of McCarthy v McCarthy, 79 AD3d 1130, 1131; Matter of Gambacorta v Gambacorta, 45 AD3d 839, 840). In any event, that branch of the motion was properly granted in light of the father's conclusory and unsupported allegations of parental alienation on the part of the mother (see Matter of Chichra v Chichra, 148 AD3d at 884-885; Matter of Addimando v Huerta, 147 AD3d 750, 753; Matter of Jurgielewicz v Johnston, 114 AD3d 945, 946; Matter of Rivera v Echavarria, 48 AD3d 578, 578).
Contrary to the mother's contention, she was not entitled to an award of an attorney's fee, as the stipulation of settlement provided for the prevailing party to recover expenses, including attorney's fees, incurred in enforcing the provisions thereof, and the mother, in opposing the father's petition and moving, inter alia, to dismiss the petition, was not seeking to enforce any rights under the stipulation (see Ambrose v Ambrose, 128 AD3d 746, 747; Etzion v Etzion, 84 AD3d 1015, 1018; Ferrara v Ferrara, 42 AD3d 426, 427). Accordingly, the Family Court properly denied that branch of the mother's motion which was for an award of an attorney's fee.
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court