Matter of Abayomi v Guevara (2020 NY Slip Op 01490)





Matter of Abayomi v Guevara


2020 NY Slip Op 01490


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-03498
 (Index No. 50621/15)

[*1]In the Matter of Kobi Abayomi, appellant, 
v
Vivianne Guevara, respondent.


Manners & Malone, PLLC, Westbury, NY (Randall K. Malone of counsel), for appellant.
Karen P. Simmons, Brooklyn, NY (Louise Feld and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a custody proceeding, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated December 28, 2018. The order, insofar as appealed from, in effect, denied, without a hearing, that branch of the father's motion which was to modify the custody provisions of the parties' judgment of divorce so as to award him physical custody of, and final decision-making authority with respect to, the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties have one child together, now age 10. Pursuant to a so-ordered stipulation of custody, which was incorporated but not merged into the parties' judgment of divorce, the mother has sole custody of the child, subject to the father's parental access. In October 2018, the father moved, inter alia, to modify the parties' custody arrangement so as to award him physical custody of, and final decision-making authority with respect to, the child. In an order dated December 28, 2018, the Supreme Court, in effect, denied the father's motion without a hearing. The father appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child" (Matter of Werner v Mazzenga, 174 AD3d 727, 728 [internal quotation marks omitted]). "A party seeking a change in . . . custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (id. at 728-729 [internal quotation marks omitted]). Here, the father failed to allege a sufficient change in circumstances to establish his entitlement to a hearing. Accordingly, we agree with the Supreme Court's denial of that branch of the father's motion which was to modify the custody provisions of the parties' judgment of divorce so as to award him physical custody of, and final decision-making authority with respect to, the parties' child (see Matter of Stones v VanDenberge, 167 AD3d 909; Matter of Paulino v Thompson, 145 AD3d 726).
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court