Matter of Marotta v Marotta (2023 NY Slip Op 03694)

Matter of Marotta v Marotta

2023 NY Slip Op 03694

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2022-05474
 (Docket Nos. V-2137-19/21J, V-2138-19/21J V-2137-19/22K, V-2138-19/22K)

[*1]In the Matter of Joseph A. Marotta, appellant,
v
Tracy Marotta, respondent.

Courten & Aloni, Hauppauge, NY (Dorothy A. Courten and Rachel J. Aloni of counsel), for appellant.
Petroske Riezenman & Meyers, P.C., Hauppauge, NY (Michael Meyers and Danielle Murray of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (James F. Quinn, J.), dated July 8, 2022. The order, insofar as appealed from, denied those branches of the father's motion which were to hold the mother in civil contempt for violating a so-ordered stipulation of settlement dated September 22, 2020, to modify the parental access provisions of that so-ordered stipulation of settlement, and to appoint a separate attorney to represent each of the parties' children, and granted that branch of the mother's motion which was to disqualify the father's attorneys.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the mother's motion which was to disqualify the father's attorneys, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are parents of two children. Pursuant to a stipulation dated April 15, 2015, which was incorporated but not merged into the parties' judgment of divorce, the parties shared joint custody of the children, the mother was the children's residential parent, and the father had certain parental access. The parties subsequently entered into a so-ordered stipulation of settlement dated September 22, 2020 (hereinafter the September 2020 stipulation), modifying their parental access arrangement while agreeing that they would continue to share joint custody of the children. Thereafter, the father moved, inter alia, to hold the mother in civil contempt for violating the September 2020 stipulation, to modify the parental access provisions of the September 2020 stipulation, and to appoint a separate attorney to represent each child. The mother moved, inter alia, to disqualify the father's attorneys. The Family Court denied those branches of the father's motion without a hearing and granted that branch of the mother's motion which was to disqualify the father's attorneys. The father appeals.
The Family Court properly denied that branch of the father's motion which was to hold the mother in civil contempt. A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court (see Cassarino v Cassarino, 149 AD3d 689, 690). To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the movant is required to prove by clear and convincing evidence that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the order was disobeyed and the party disobeying the order had knowledge of its terms, and that the movant was prejudiced by the offending conduct (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Matter of Herbst v Palange, 193 AD3d 859, 860). Prejudice is shown where the party's actions "were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964 [internal quotation marks omitted]; see Matter of Figueroa-Rolon v Torres, 121 AD3d 684, 685). In order for contempt sanctions to be imposed pursuant to Judiciary Law § 753(A), willfulness need not be shown (see El-Dehdan v El-Dehdan, 26 NY3d at 33-35). Here, the father failed to demonstrate that the mother violated a clear and unequivocal mandate contained in the September 2020 stipulation or that he was prejudiced by any of her alleged violations.
The father's contention that the Family Court erred in denying that branch of his motion which was to modify the parental access provisions of the September 2020 stipulation is without merit. In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances such that modification is required to protect the best interests of the child (see Matter of Blackman v Barge, 207 AD3d 537, 538; Matter of Alphonse v Alphonse, 189 AD3d 1028, 1029). "While hearings are generally required in cases in which there is no existing permanent order of custody (see S.L. v J.R., 27 NY3d 558, 563), hearings are not automatically required whenever a party seeks a change in custody or parental access" (Matter of Newton v McFarlane, 174 AD3d 67, 76; see Matter of Scott v Powell, 146 AD3d 964, 965). "Before subjecting children and their parents to additional litigation, courts require that, before a full hearing is ordered, the parent seeking a change of custody must make an evidentiary showing of a change in circumstances demonstrating a need to conduct a full hearing into whether a change of custody is appropriate in order to insure the child's best interests" (Matter of Newton v McFarlane, 174 AD3d at 76-77; see Matter of Mulholland v Mulholland, 202 AD3d 963, 964). "Conclusory and nonspecific allegations relating to a change in circumstances are insufficient to justify a hearing on the issue of whether a change in custody would be in the best interests of the child" (Matter of Chichra v Chichra, 148 AD3d 883, 884). Here, the facts alleged by the father in support of his motion were either unsubstantiated and conclusory, or did not support a finding that a change in circumstances had occurred since the entry of the September 2020 stipulation to warrant a modification of the parental access provisions of that stipulation.
The Family Court properly denied that branch of the father's motion which was to appoint a separate attorney to represent each of the children. The father failed to provide evidence that the current attorney for the children is not zealously advocating for the children or that an actual conflict of interest exists between the children's positions (see 22 NYCRR 7.2[d]).
The Family Court improvidently exercised its discretion in granting that branch of the mother's motion which was to disqualify the father's attorneys on the basis that the father's current wife, the children's stepmother, works as a paralegal in the law office that employs the father's attorneys. "A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted. While the right to choose one's counsel is not absolute, disqualification of legal counsel during litigation implicates not only the ethics of the profession but also the parties' substantive rights, thus requiring any restrictions to be carefully scrutinized. The party seeking to disqualify a law firm or an attorney bears the burden to show sufficient proof to warrant such a determination" (Gulino v Gulino, 35 AD3d 812, 812 [citations omitted]; see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443-445). "Whether to disqualify an attorney is a matter which lies within the sound discretion of the court" (Matter of Madris v Oliviera, 97 AD3d 823, 825; see Matter of Marvin Q., 45 AD3d 852, 853; Olmoz v Town of Fishkill, 258 AD2d 447). However, "'doubts as to the existence of a conflict of interest must be resolved in [*2]favor of disqualification so as to avoid even the appearance of impropriety'" (Mineola Auto., Inc. v Millbrook Props., Ltd., 118 AD3d 680, 680-681, quoting Seeley v Seeley, 129 AD2d 625, 627; see Cohen v Cohen, 125 AD3d 589, 590). "Moreover, even when an actual conflict of interest may not exist, disqualification may be warranted based on a mere appearance of impropriety so long as there is actual prejudice or a substantial risk thereof" (Wiederman v Halpert, 172 AD3d 1442, 1443-1444 [citation and internal quotation marks omitted]; see Matter of Lovitch v Lovitch, 64 AD3d 710, 711).
Where a party seeks to disqualify its adversary's counsel in the context of ongoing litigation, courts consider when the challenged interests became materially adverse to determine if the party could have moved at an earlier time (see Matter of Astor Rhinebeck Assoc., LLC v Town of Rhinebeck, 85 AD3d 1160, 1161). If a party moving for disqualification was aware or should have been aware of the facts underlying an alleged conflict of interest for an extended period of time before bringing the motion, that party may be found to have waived any objection to the other party's representation (see Hele Asset, LLC v S.E.E. Realty Assoc., 106 AD3d 692, 694; Matter of Aaron W. v Shannon W., 96 AD3d 960, 961). Further, where a motion to disqualify is made in the midst of litigation and the moving party knew of the alleged conflict of interest well before making the motion, it can be inferred that the motion was made merely to secure a tactical advantage (see Hele Asset, LLC v S.E.E. Realty Assoc., 106 AD3d at 694; Matter of Voss v 87-10 51st Ave. Owners Corp., 292 AD2d 622, 624).
Here, the mother was aware of the employment of the father's current wife at the law firm representing the father since 2019. Accordingly, the mother's failure to move to disqualify the father's attorneys until April 2022 constituted a waiver of her objection to the father's legal representation (see Matter of Aaron W. v Shannon W., 96 AD3d at 961). In any event, the mother failed to demonstrate that the children will be prejudiced by the father being represented by his current attorneys. There is no evidence that during the course of her employment, the father's current wife worked on the father's case or that she otherwise communicated with the children about the case (see Matter of Lopresti v David, 179 AD3d 1067).
We do not reach the issues that the father raises with respect to his amended petition dated February 1, 2022, to enforce, inter alia, provisions of the September 2020 stipulation. That amended petition was not addressed in the order appealed from and, thus, remains pending and undecided (see Wells Fargo Bank, N.A. v Boakye-Yiadom, 213 AD3d 976).
DILLON, J.P., IANNACCI, MALTESE and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court