Hoberman v Hoberman (2024 NY Slip Op 02178)

Hoberman v Hoberman

2024 NY Slip Op 02178

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-05346
 (Index No. 202486/16)

[*1]Serena B. Hoberman, appellant, 
v
Gary A. Hoberman, defendant.

Zimmerman Law, P.C., Huntington Station, NY (Michael Zimmerman and Naomi Trainer of counsel), for appellant.
Susan G. Mintz, Garden City, NY, attorney for the children Spencer and Skyler.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated November 6, 2019, the plaintiff appeals from an order of the Supreme Court, Nassau County (Edmund M. Dane, J.), entered May 17, 2023. The order, insofar as appealed from, denied the plaintiff's motion to discharge nonparty Susan G. Mintz as the attorney for the parties' youngest child and to appoint a new attorney to represent that child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were divorced in 2019. They have three children together. In a stipulation of settlement, which was incorporated but not merged into the parties' judgment of divorce, the parties agreed to raise the children in the Jewish religion, keep a kosher home, and provide the children with kosher food outside the home. The oldest and youngest children were represented by Susan G. Mintz during the course of the matrimonial action and postjudgment proceedings.
On November 1, 2022, the plaintiff moved, inter alia, to hold the defendant in contempt for failing to keep a kosher home. The plaintiff then moved to discharge Mintz as the attorney for the parties' youngest child and to appoint a new attorney to represent that child. The plaintiff argued that Mintz had a conflict of interest in representing the two children, who had differing views on keeping kosher. The Supreme Court denied the plaintiff's motion to discharge Mintz and to appoint a new attorney to represent the youngest child. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in denying her motion to discharge Mintz and to appoint a new attorney to represent the youngest child. The plaintiff failed to submit evidence that Mintz was not zealously advocating for the two children she was representing or that she could not advocate for each child's position without prejudicing the rights of the other child (see 22 NYCRR 7.2[d]; Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.7[a][1]; Matter of Marotta v Marotta, 218 AD3d 468, 470).
BRATHWAITE NELSON, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court