Perrone v Perrone (2024 NY Slip Op 04085)

Perrone v Perrone

2024 NY Slip Op 04085

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2022-04342
 (Index No. 3336/04)

[*1]Rosalina Perrone, appellant,
v
Richard Perrone, respondent.

Picarello & Saciolo, P.C., Islandia, NY (Brian A. Picarello of counsel), for appellant.
Parola & Gross, LLP, Wantagh, NY (Barry J. Gross of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered May 3, 2004, which incorporated but did not merge the parties' stipulation of settlement dated December 15, 2003, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated May 10, 2022. The order, insofar as appealed from, after a hearing, in effect, denied those branches of the plaintiff's motion which were pursuant to Judiciary Law § 753 to hold the defendant in civil contempt for failure to comply with the provisions of the parties' stipulation of settlement governing college expenses and for an award of attorneys' fees.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who are the parents of one child, were divorced by a judgment of divorce entered May 3, 2004. Pursuant to a stipulation of settlement dated December 15, 2003, which was incorporated but not merged into the judgment of divorce, the parties agreed to pay for the child's college expenses commensurate with their respective ability to pay, and agreed that they "intend[ed]," but did not "firmly fix[ ], that each will contribute . . . in accordance with their pro rata earnings as reported on their income tax returns at the time" that the child attended college. The child attended college from 2017 to 2021.
In November 2021, the plaintiff moved, inter alia, pursuant to Judiciary Law § 753 to hold the defendant in civil contempt for failure to comply with the provisions of the parties' stipulation of settlement governing college expenses and for an award of attorneys' fees. In an order dated May 10, 2022, the Supreme Court, after a hearing, inter alia, in effect, denied those branches of the plaintiff's motion. The plaintiff appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (Matter of Marotta v Marotta, 218 AD3d 468, 469; see Penavic v Penavic, 109 AD3d 648, 649). To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the movant is required to prove by clear and convincing evidence that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the order was disobeyed and the party disobeying the order had knowledge of its terms, and that the movant was prejudiced by the offending conduct (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Latterman v Latterman, 174 AD3d 518, 519). "Prejudice is shown where the party's actions were calculated to or actually [*2]did defeat, impair, impede, or prejudice the rights or remedies of a party" (Matter of Marotta v Marotta, 218 AD3d at 469 [internal quotation marks omitted]; see Cassarino v Cassarino, 149 AD3d 689, 691).
Here, the Supreme Court providently exercised its discretion by, in effect, denying that branch of the plaintiff's motion which was pursuant to Judiciary Law § 753 to hold the defendant in civil contempt for failure to comply with the provisions of the parties' stipulation of settlement governing college expenses (see Matter of Marotta v Marotta, 218 AD3d at 469; Latterman v Latterman, 174 AD3d at 519; Lomaglio v Lomaglio, 131 AD3d 803, 804). The plaintiff failed to establish by clear and convincing evidence that the defendant violated a clear and unequivocal mandate contained in the parties' stipulation of settlement or that the plaintiff was prejudiced by the alleged violation. Moreover, the plaintiff failed to establish the total amount that the defendant allegedly owed.
The parties' remaining contentions are without merit.
Accordingly, we affirm the order insofar as appealed from.
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court