Matter of Jones v Jones (2024 NY Slip Op 04963)

Matter of Jones v Jones

2024 NY Slip Op 04963

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2023-09301
 (Docket Nos. V-14462-20/22B/22C/22D/22E/22G/22H)

[*1]In the Matter of Courtney Jones, appellant,
v
Alicia Jones, respondent. (Proceeding No. 1)
In the Matter of Alicia Jones, respondent, Courtney Jones, appellant. (Proceeding No. 2)

Quatela | Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for appellant.
The Meyers Law Group, P.C., Huntington, NY (Natasha Meyers of counsel), for respondent.
Thomas W. McNally, Hauppauge, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Andrea A. Amoa, Ct. Atty. Ref.), dated September 1, 2023. The order, insofar as appealed from, granted, without a hearing, that branch of the mother's motion which was to dismiss the father's petition to modify the custody and parental access provisions of a judgment of divorce entered August 16, 2019, which incorporated but did not merge the parties' stipulation of settlement dated May 6, 2019, so as to award him sole legal and residential custody of the parties' child and dismissed the petition.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties, who are the parents of one child, were divorced by a judgment entered August 16, 2019. Pursuant to a stipulation of settlement dated May 6, 2019, which was incorporated but not merged into the judgment of divorce, the parties agreed, inter alia, to joint legal custody of the child, with residential custody to the mother, subject to the father's parental access.
In December 2020, the father filed a petition alleging that the mother failed to comply with the terms of the stipulation of settlement by failing to consult him regarding the child's participation in a dance class. That petition was resolved by so-ordered stipulation of settlement dated June 7, 2021, which amended the stipulation of settlement dated May 6, 2019.
In July 2022, the father filed a petition to modify the custody and parental access provisions of the judgment of divorce so as to award him sole legal and residential custody of the child. The mother moved, among other things, to dismiss the father's petition. In an order dated [*2]September 1, 2023, the Family Court, inter alia, granted, without a hearing, that branch of the mother's motion which was to dismiss the father's petition and dismissed the petition. The father appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances such that modification is required to protect the best interests of the child" (Matter of Marotta v Marotta, 218 AD3d 468, 470; see Matter of Blackman v Barge, 207 AD3d 537, 538; Matter of Alphonse v Alphonse, 189 AD3d 1028, 1029). "'A party seeking a change in . . . custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing'" (Matter of Blackman v Barge, 207 AD3d at 538, quoting Matter of Werner v Mazzenga, 174 AD3d 727, 728-729; see Matter of Marotta v Marotta, 218 AD3d at 470). "'Conclusory and nonspecific allegations relating to a change in circumstances are insufficient to justify a hearing on the issue of whether a change in custody would be in the best interests of the child'" (Matter of Marotta v Marotta, 218 AD3d at 470, quoting Matter of Chichra v Chichra, 148 AD3d 883, 884).
Here, the father failed to make the requisite evidentiary showing of a change in circumstances sufficient to warrant a hearing. Since the father's allegations either were conclusory or unsubstantiated, or pertained to conduct alleged in the father's prior petition, the father failed to make an evidentiary showing of a change in circumstances demonstrating a need to conduct a hearing into whether a modification was required to protect the best interests of the child (see Matter of Wagner v Del Valle, 221 AD3d 1017, 1018; Matter of Hugee v Gadsden, 172 AD3d 863, 865). Accordingly, the Family Court properly granted, without a hearing, that branch of the mother's motion which was to dismiss the father's petition.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court