Maddicks v 106-108 Convent BCR, LLC

2026 NY Slip Op 02603

April 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Theresa Maddicks, et al., Respondents,

v

106-108 Convent BCR, LLC, et al., Appellants.

Decided and Entered: April 28, 2026

Index No. 656345/16|Appeal No. 6487|Case No. 2025-07823|

Before: Webber, J.P., Mendez, Rodriguez, O'Neill Levy, Michael, JJ.

Belkin, Burden, Goldman, LLP, New York (Matthew S. Brett of counsel), for appellants.

Newman Ferrara LLP, New York (Lucas A. Ferrara of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered November 18, 2025, which denied defendants' motion to disqualify plaintiffs' counsel due to a conflict of interest, require counsel to produce related discovery, and dismiss the complaint based on the conflict, unanimously modified, on the law, to grant the motion to the extent of requiring plaintiffs' counsel to produce the requested discovery related to the conflict of interest claim, and otherwise affirmed, without costs.

The court improperly determined that defendants waived their ability to move for an order to disqualify plaintiffs' counsel. Defendants allege a conflict of interest resulting from plaintiffs' counsel's prior representation of five to seven of the previous owners of the buildings at issue in this class action proceeding for rent regulatory violations. The record does not support the finding that defendants knew or should have known of the conflict of interest before the instant motion was made (see Matter of Marotta v Marotta, 218 AD3d 468, 471 [2d Dept 2023]; Hele Asset, LLC v S.E.E. Realty Assoc., 106 AD3d 692, 694 [2d Dept 2013]). The record is devoid of evidence that prior discovery requests and orders encompassed the documents that defendants only recently reviewed and which revealed the alleged conflict. Nor does the record show that had there been proper compliance with the discovery requests and orders, evidence of the alleged conflict would have been discovered at that time.

Here, as the full record concerning the nature of the prior representation has not been disclosed, a ruling deciding the conflict issue is premature. As such, defendants' motion should be granted to the extent it seeks plaintiffs' counsel's itemized production of all files concerning its prior representation in connection with the buildings, as a review of those documents is necessary for the proper assessment of whether there is an actual conflict of interest warranting disqualification or dismissal of the complaint.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 28, 2026