Matter of Kobel v Varland
2026 NY Slip Op 03804
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Kristy Lee Kobel, appellant,
v
Kelly Fitzgerald Varland, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-04322, (Docket No. V-10839-22/23B)
Colleen D. Duffy, J.P.
Linda Christopher
Carl J. Landicino
Laurence L. Love, JJ.

Beth A. Rosenthal, Deer Park, NY, for appellant.
Arza Rayches Feldman, Manhasset, NY, for respondent.
Alexandra M. Hennessy, Smithtown, NY, attorney for the child.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Cheryl M. Helfer, Ct. Atty. Ref.), dated May 29, 2024. The order granted the father's motion to dismiss the mother's petition to modify a prior order of custody of the same court (James W. Malone, J.) dated November 2, 2022, so as to award her sole legal and residential custody of the parties' child, and dismissed the proceeding without a hearing.
ORDERED that the order dated May 29, 2024, is affirmed, without costs or disbursements.
In October 2023, the mother commenced this proceeding pursuant to Family Court Act article 6 to modify an order of custody dated November 2, 2022, so as to award her sole legal and residential custody of the parties' child (hereinafter the October 2023 petition). The father moved to dismiss the petition. In an order dated May 29, 2024, the Family Court granted the father's motion and dismissed the proceeding without a hearing. The mother appeals.
In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances such that modification is required to protect the best interests of the child (see Matter of Soto v Jimenez, 247 AD3d 1198, 1199; Matter of Farco v Farco, 246 AD3d 799, 800). A party seeking a change in custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing (see Matter of Jones v Jones, 231 AD3d 829, 830; Matter of Newton v McFarlane, 174 AD3d 67, 76-77). Where successive petitions are brought relatively close together and contain similar or overlapping allegations, the Family Court should carefully evaluate the relevant circumstances before directing an extensive evidentiary hearing (see Matter of Newton v McFarlane, 174 AD3d at 78). Conclusory and nonspecific allegations relating to a change in circumstances are insufficient to justify a hearing on the issue of whether a change in custody would be in the best interests of the child (see Matter of Jones v Jones, 231 AD3d at 830; Matter of Marotta v Marotta, 218 AD3d 468, 470).
Here, the facts alleged by the mother in the October 2023 petition either pertained to conduct alleged in a petition filed by the mother in July 2023 (see Matter of Jones v Jones, 231 [*2]AD3d at 830; Matter of Acworth v Kollmar, 119 AD3d 676, 677), were unsubstantiated and conclusory (see Matter of Jones v Jones, 231 AD3d at 830; Matter of Marotta v Marotta, 218 AD3d at 470), or did not support a finding that a change in circumstances had occurred so as to warrant modification of the order of custody (see Matter of Marotta v Marotta, 218 AD3d at 470; Matter of Newton v McFarlane, 174 AD3d at 80-82).
Accordingly, the Family Court properly granted the father's motion to dismiss the petition and dismissed the proceeding without a hearing.
The mother's remaining contention is without merit.
DUFFY, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court